Ruby E. NICHOLS, Appellant,

v.

William H. CULVER et al., Appellees.

No. 4451.

Court of Civil Appeals of Texas,
Eastland.

April 23, 1971.

Rehearing Denied May 14, 1971.

H. Dustin Fillmore, Wichita Falls, R. J. Balch, Seymour, for appellant.

D. J. Brookreson, II, Thomas F. Glover, Seymour, for appellees.

WALTER, Justice.

William H. Culver recovered a judgment against Ruby E. Nichols for damages for loss of wheat, oats and pasturage in the amount of $400.00. A mandatory injunction was also granted against Nichols directing her to remove a dam along the fence line between the parties and allow surface waters to follow its natural course. Nichols appeals from that portion of the judgment granting the injunction. She contends there is no evidence and insufficient evidence to support the injunctive relief. She also contends there are no pleadings and no verdict to support such relief.

Nichols instituted this suit and alleged that Culver went upon her land and cut the dam and released the water which flowed across her land. She sought a judg-

ment against Culver enjoining him from cuttting any ditch on her land and from releasing and discharging surface waters over her land. The jury found against her on all her issues seeking affirmative relief.

Culver answered and in his cross action pleaded Article 7589a, Vernon's Ann.Tex. Civ.St. The article provides that it shall be unlawful to divert the natural flow of surface waters in such a manner as to damage the property of another and that the injured party shall have remedies, both in law and in equity.

■ Culver pleaded a statute which provides for equitable relief. He set forth in his answer and cross action in plain and concise language his cause of action for damages, and for a mandatory injunction and verified such pleading. Rule 45 Texas Rules of Civil Procedure provides that all pleadings shall be construed to do substantial justice. In the absence of exceptions to Culver's pleadings, we are of the opinion that his pleadings are sufficient to support the judgment.

The jury found, by constructing the dike, Nichols changed the natural flow of water on the Culver land; that such changing caused water to stand upon Culver's land; that such standing water was the direct and proximate cause of damages to Culver's crops and pasture for the years 1967, 1968 and 1969.

Nichols contends the verdict will not support a judgment for an injunction because Culver failed to request an issue on damages to his land and an issue that her dam will in the future continue to cause an accumulation of water on Culver's property.

Culver contends that under Rule 279 T.R.C.P. the omitted issues shall be deemed as found by the court in such manner as to support the judgment.

In Landwer v. Fuller, 187 S.W.2d 670 (Tex.Civ.App.1945, writ ref. w. o. m.) the Court said:

"If irreparable injury to real estate or personal property is threatened, irrespective of any legal remedy at law, or, if the nuisance found to exist is of a recurring nature, an injunction to abate same will lie. Article 4642, sec. 4, Revised Civil Statutes; 31 Tex.Jur. 447, sec. 34."

■ The jury has found that Nichols violated the provision of Article 7589a and it appears that these findings cover all the elements of the statute necessary for the injured party to be entitled to relief. No objections were made to the charge and there is some evidence to support a finding of damage to Culver's land and that the dam will in the future continue to cause an accumulation of water on Culver's land to some extent. Therefore, we hold that if such issues were required, they will be deemed as found by the court in such manner as to support the judgment. Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79 (1940).

We have considered all of appellant's points and find no merit in them. They are overruled. The judgment is affirmed.

McCLOUD, C. J., not sitting.