Eldon Wayne TUCKER, Appellant,

v.

Paul D. GRAHAM, individually and as representative of The Sid Oliver Trust, and DeAlva Graham, Appellees.

No. 11–93–330–CV.

Court of Appeals of Texas, Eastland.

June 16, 1994.

John Saringer, Scott Seamster, Wagstaff, Alvis, Stubbeman, Seamster & Longacre, Abilene, for appellant.

Thomas Choate, Abilene, for appellees.

## OPINION

McCLOUD, Chief Justice.

Eldon Wayne Tucker built a dam or dike on property he owned in rural Taylor County to prevent surface water from flooding his property and his home. The natural flow of the surface water was from an adjacent tract

**682**

of land owned by Paul D. Graham, DeAlva Graham, and The Sid Oliver Trust (Graham property) onto Tucker's 1.0044–acre tract (Tucker property).

Paul D. Graham, individually and as representative of The Sid Oliver Trust, together with DeAlva Graham sued Tucker, Tucker's ex-wife,[1] and Levi W. and Mattie Douglas[2] alleging that Tucker's dam was a nuisance that diverted or impounded the surface water, prevented the natural flow of the water, unreasonably interfered with plaintiffs' use and enjoyment of their land, and caused damage to their land. Plaintiffs sought damages and the removal of the dam. Plaintiffs also sought a declaratory judgment that the dam was a nuisance and that the dam was in violation of Tex.Water Code Ann. § 11.086 (Vernon 1988).[3] Plaintiffs further sought attorney's fees under Tex.Civ.Prac. & Rem. Code Ann. § 37.009 (Vernon 1986).

After a nonjury trial, the trial court found that the dam was in violation of Section 11.086 of the Water Code and that plaintiffs were entitled to recover $315.00 in damages. The trial court entered a mandatory injunction ordering that the dam be removed and prohibiting the future construction of any dams higher than the elevation at the boundary between the Graham and Tucker properties and within eight feet of the Graham/Tucker property line. The trial court also awarded plaintiffs attorney's fees and expenses totalling $7,768.75. Tucker appeals. We reverse and render in part and affirm in part.

In his first point of error, Tucker argues that plaintiffs' declaratory judgment action involved the same rights to be determined in plaintiffs' cause of action for damages resulting from his violation of Section 11.086 of the Water Code. Therefore, Tucker contends

that the trial court abused its discretion when it awarded attorney's fees under the provisions of the Uniform Declaratory Judgments Act, Tex.Rev.Civ.Prac. & Rem.Code Ann. § 37.001 et seq. (Vernon 1986 & Supp. 1994). We agree.

Plaintiffs' original petition sought monetary damages for damage caused by Tucker's dam, the removal of the dam, and attorney's fees. After Tucker filed a special exception on the grounds that plaintiffs had cited no statutory authority for the award of attorney's fees, plaintiffs timely filed their first amended petition seeking relief under the Declaratory Judgments Act, including attorney's fees.

While Paragraph III of the amended petition did not mention Section 11.086, Paragraph III alleged a cause of action for violation of Section 11.086 of the Water Code: Tucker used his property adjacent to plaintiffs' property to divert or impound water causing damage to plaintiffs' property. *Kraft v. Langford*, 565 S.W.2d 223 (Tex. 1978); *Bily v. Omni Equities, Inc.*, 731 S.W.2d 606 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). Paragraph IV sought a declaratory judgment that Tucker created a nuisance. This was not a proper request for declaratory relief because it did not involve the construction or validity of an instrument, statute, ordinance, contract, or franchise as required by the Declaratory Judgments Act. See Tex.Civ.Prac. & Rem. Code Ann. § 37.004. Paragraph V sought a declaration that Tucker's actions were in violation of Section 11.086 of the Water Code. Paragraph VI sought $8,800.00 in damages, and Paragraph VII sought attorney's fees under the Declaratory Judgments Act. Plaintiffs then prayed for a declaratory judgment that Tucker had created a nuisance;

---

1. Phyllis Lee Tucker was named as a defendant. Together with her former husband, she filed an answer, but she was not present at the trial. The trial court found Eldon Wayne Tucker and Phyllis Lee Tucker to be jointly and severally liable for damages, costs, and attorney's fees. Phyllis Lee Tucker has not perfected an appeal.

2. The trial court found that plaintiffs take nothing against the Douglases.

3. Tex.Water Code Ann. § 11.086 provides in part:

(a) No person may divert or impound the natural flow of surface waters in this state, or permit a diversion or impounding by him to continue, in a manner that damages the property of another by the overflow of the water diverted or impounded.

(b) A person whose property is injured by an overflow of water caused by an unlawful diversion or impounding has remedies at law and in equity and may recover damages occasioned by the overflow.

for a judgment against Tucker in the amount of not less than $8,800.00; for attorney's fees and costs; for an order for removal of the dam; and for such other relief as they might be entitled to.

■ A declaratory judgment is a remedial action that determines the rights of the parties and affords relief from uncertainty with respect to rights, status, and legal relations. TEX.CIV.PRAC. & REM.CODE ANN. § 37.002; 1 ROY W. McDONALD, TEXAS CIVIL PRACTICE § 4:9 (rev. 1992). A declaratory judgment action is not appropriate where plaintiff's cause of action is mature and enforceable in a pending suit that involves the same parties and the same issues as alleged in the declaratory judgment action. *Southern Traffic Bureau v. Thompson*, 232 S.W.2d 742 (Tex.Civ. App.—San Antonio 1950, writ ref'd n.r.e.); 1 ROY W. McDONALD, TEXAS CIVIL PRACTICE § 4:12 at p. 435 (rev. 1992).

■ Plaintiffs' first amended petition alleged a cause of action for the violation of Section 11.086 of the Water Code based on the nuisance constructed by Tucker. This was a mature cause of action that could be enforced. Plaintiffs' declaratory judgment action involved the same parties and the same issues as in the statutory cause of action and was not appropriate. Absent the declaratory judgment action, no statutory authority was pled to support an award of attorney's fees. The trial court abused its discretion when it awarded attorney's fees.

We note that Tucker specifically objected to the award of attorney's fees under the Declaratory Judgments Act when the plaintiffs rested, and we disagree with plaintiffs' argument that this point was waived. The first point of error is sustained.

■ In his second point of error, Tucker argues that the trial court erred in granting the injunction. Tucker contends that, as a matter of law, plaintiffs damages were permanent in nature and that injunction is not a proper remedy for permanent damage to real property. Tucker's point is based on the following statement in a letter from the trial court to counsel in which the trial court requested that plaintiffs' counsel prepare a judgment:

I find that the dirt work done by Mr. Tucker was in violation of the Texas Water Code § 11.086. I find that a mandatory injunction is proper, and that the injunction should be that the land shall not be elevated above the natural level of the land at the boundary line between Mr. Tucker and the Plaintiffs and for some distance within the boundary line.

No findings of fact and conclusions of law were requested, and none were filed by the trial court.

Tucker's arguments concerning whether the damage to plaintiffs' property was permanent or temporary are not well founded. The trial court was not requested to make a factual determination as to the nature of the damages, and none was made. Therefore, the judgment must be affirmed on any legal theory supported by the record. *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978). A mandatory injunction is an extraordinary, equitable remedy available for violation of statutory water rights. TEX.WATER CODE ANN. § 11.-086(b); *Nichols v. Culver*, 466 S.W.2d 671 (Tex.Civ.App.—Eastland 1971, writ ref'd n.r.e); *Nolte Irr. Co. v. Willis*, 180 S.W.2d 451 (Tex.Civ.App.—Amarillo 1944, writ ref'd w.o.m.). The second point of error is overruled.

That portion of the trial court's judgment ordering that plaintiffs recover attorney's fees and expenses from Eldon Wayne Tucker is reversed, and judgment is rendered that plaintiffs recover no attorney's fees or expenses from Tucker. The remaining portions of the trial court's judgment are affirmed.