CV5-711 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00711-CV







Randall H. Riley, Appellant




v.




Ralph O. Shepley, Appellee








FROM THE DISTRICT COURT OF HAYS COUNTY, 274TH JUDICIAL DISTRICT


NO. 93-0522, HONORABLE ROBERT T. PFEUFFER, JUDGE PRESIDING








PER CURIAM


 Randall H. Riley appeals from a judgment against him in an action involving an easement. 
Ralph Shepley, an adjoining landowner, sued Riley for interference with a roadway easement, negligence
and intentional infliction of emotional distress. The jury awarded damages of $3,300 on Shepley's claim
that Riley interfered with the easement and $1,100 on Shepley's claim that Riley negligently allowed a brush
fire to spread to Shepley's property. The jury found that Riley had not acted in heedless or reckless
disregard of Shepley's rights, however, awarded no punitive damages, and found Riley not liable on
Shepley's emotional distress claim. The trial court directed a verdict for Shepley on his declaratory
judgment claim and awarded him attorney's fees. Riley brings three points of error concerning the propriety
of declaratory relief and attorney's fees. We will affirm the judgment in part and reverse and render in
part. (1)



Background


 We will very briefly state the facts because few are necessary to decide the points of error;
we do not attempt to sort out the variety of allegations that each side makes about the other's bad conduct
and lack of good faith.

 In 1992, Riley purchased 321 acres of land in rural Hays County on which he located his
home. Shepley already owned an adjoining 277-acre tract upon which his home is located. Included
within Riley's 321 acres is a 2.022-acre tract (approximately 50 feet by 1790 feet) which provides access
to the nearest county road. This tract is burdened by an ingress and egress easement in favor of the
Shepley property. A caliche road runs through the tract with a gate on the county road and a gate at a
creek on the boundary of the Riley and Shepley property. The dispute centers on Shepley's claim that
Riley's use of the easement interferes with his rights in the easement.

 In his first two points of error, Riley contends that the trial court erred in rendering a
declaratory judgment because Riley had sold the property in question by the time of trial and therefore no
longer had an interest in the litigation and because Shepley improperly joined a tort and declaratory
judgment action. In his third point of error, he contends that the trial court abused its discretion in awarding
attorney's fees under the Uniform Declaratory Judgments Act (2) because the rendition of a declaratory
judgment was improper. Because point two is ultimately dispositive, we will discuss it first.



Relation Between Declaratory Judgment Action and Tort Action


 In general, the Declaratory Judgments Act is not available to settle a dispute which is
currently pending before the court in the form of a tort action. See, e.g., BHP Petroleum Co. v. Millard,
800 S.W.2d 838, 841 (Tex. 1990); Housing Auth. of Harlingen v. Valdez, 841 S.W.2d 860, 864 (Tex.
App.--Corpus Christi 1993, no writ); Weaver v. AIDS Servs., 835 S.W.2d 798, 803 (Tex.
App.--Austin 1992, writ denied); see generally 1 Texas Civil Practice § 4.9, at 417 (Diane M. Allen, et
al., eds., 1992 ed). "A declaratory judgment action is not appropriate where plaintiff's cause of action is
mature and enforceable in a pending suit that involves the same parties and the same issues as alleged in
the declaratory judgment action." Tucker v. Graham, 878 S.W.2d 681, 683 (Tex. App.--Eastland
1994, no writ) (landowner amended pleadings to join declaratory judgment action to action for damages
and attorney's fees; both actions were against a neighbor alleging the same statutory violations and act of
nuisance; no authority for attorney's fees because landowner's cause was mature and enforceable tort
action and precluded declaratory judgment). Cf. Weaver, 835 S.W.2d at 803 (declaratory judgment
proper; no claim for civil trespass tort liability although defendant had been arrested for criminal trespass;
judgment settled general controversies regarding party's status as private rather than state actor).

 This cause fits the pattern of cases in which courts have found the declaratory judgment
action improperly joined with a tort action. Although a declaratory judgment to construe an easement is
proper, in this cause the "construction" of the easement in the declaratory relief action does not exceed the
construction necessarily made in the tort action.

 The easement in question grants "the free and uninterrupted use, liberty, privilege and
easement of passing in and along the right of way . . . ." Shepley's first two petitions alleged tort causes of
action for interference with his easement, negligence and intentional infliction of emotional distress. His third
amended original petition added the declaratory judgment cause of action. However, a review of the
pleadings shows that the declaratory relief requested tracked and restated the relief requested in the tort
claim for interference with his easement.

 The declaratory judgment simply restates that the easement is to be "free and uninterrupted"
and that Shepley is entitled to the "free and unobstructed" use of the entire width and length of the easement,
general matters not seriously disputed. However, the acts cited as interference which could be looked to
for future guidance are only four specific past acts: livestock "roaming" on the easement, securing a gate
with barb-wire fencing, narrowing part of the easement to less than fifty feet with a fence and maintaining
fences and gates across the ends of the easement. These are the same acts for which the jury awarded tort
damages on the claim of interference with easement.

 In his brief, Shepley defends declaratory relief on the basis that "a judgment merely for
interference would not prevent new and different acts." However, the declaratory relief granted in the
judgment does not go beyond the judgment for interference in providing guidance for the future relations
of these parties. Inasmuch as the declaratory judgment does not go beyond the matters decided in the tort
claim, it was an improper attempt to use a declaratory judgment as a vehicle to obtain attorney's fees in a
tort action. We sustain point of error two.

 Because of our disposition of Riley's second point of error, we need not decide point of
error one. Even if a declaratory judgment were not barred because of Riley's sale of the property before
trial, it would still be an improper attempt to use declaratory relief to secure attorney's fees when tort relief
was sought. Because the declaratory judgment was not proper, it was an abuse of discretion to award
attorney's fees under the Declaratory Judgments Act. We sustain point of error three.

 We affirm that portion of the judgment that awards Shepley actual damages based on the
jury findings. We reverse that part of the judgment granting Shepley declaratory relief and awarding
attorney's fees and render judgment that Shepley take nothing for attorney's fees. We assess the costs of
the appeal against Shepley, but do not disturb the trial-court award of trial-court costs.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed in Part; Reversed and Rendered in Part

Filed: October 30, 1996

Do Not Publish

1.   Riley challenges only that part of the judgment awarding declaratory relief and attorney's
fees. He does not challenge the jury award of actual damages.
2.   Tex. Civ. Prac. & Rem. Code Ann. § 37.001-.011 (West 1986).


n is
mature and enforceable in a pending suit that involves the same parties and the same issues as alleged in
the declaratory judgment action." Tucker v. Graham, 878 S.W.2d 681, 683 (Tex. App.--Eastland
1994, no writ) (landowner amended pleadings to join declaratory judgment action to action for damages
and attorney's fees; both actions were against a neighbor alleging the same statutory violations and act of
nuisance; no authority for attorney's fees because landowner's cause was mature and enforceable tort
action and precluded declaratory judgment). Cf. Weaver, 835 S.W.2d at 803 (declaratory judgment
proper; no claim for civil trespass tort liability although defendant had been arrested for criminal trespass;
judgment settled general controversies regarding party's status as private rather than state actor).

 This cause fits the pattern of cases in which courts have found the declaratory judgment
action improperly joined with a tort action. Although a declaratory judgment to construe an easement is
proper, in this cause the "construction" of the easement in the declaratory relief action does not exceed the
construction necessarily made in the tort action.

 The easement in question grants "the free and uninterrupted use, liberty, privilege and
easement of passing in and along the right of way . . . ." Shepley's first two petitions alleged tort causes of
action for interference with his easement, negligence and intentional infliction of emotional distress. His third
amended original petition added the declaratory judgment cause of action. However, a review of the
pleadings shows that the declaratory relief requested tracked and restated the relief requested in the tort
claim for interference with his easement.

 The declaratory judgment simply restates that the easement is to be "free and uninterrupted"
and that Shepley is entitled to the "free and unobstructed" use of the entire width and length of the easement,
general matters not seriously disputed. However, the acts cited as interference which could be looked to
for future guidance are only four specific past acts: livestock "roaming" on the easement, securing a gate
with barb-wire fencing, narrowing part of the easement to less than fifty feet with a fence and maintaining
fences and gates across the ends of the easement. These are the same acts for which the jury awarded tort
damages on the claim of interference with easement.

 In his brief, Shepley defends declaratory relief on the basis that "a judgment merely for
interference would not prevent new and different acts." However, the declaratory relief granted in the
judgment does not go beyond the judgment for interference in providing guidance for the future relations
of these parties. Inasmuch as the declaratory judgment does not go beyond the matters decided in the tort
claim, it was an improper attempt to use a declaratory judgment as a vehicle to obtain attorney's fees in a
tort action. We sustain point of error two.

 Because of our disposition of Riley's second point of error, we need not decide point of
error one. Even if a declaratory judgment were not barred because of Riley's sale of the property before
trial, it would still be an improper attempt to use declaratory relief to secure attorney's fees when tort relief
was sought. Because the declaratory judgment was not proper, it was an abuse of discretion to award
attorney's fees under the Declaratory Judgments Act. We sustain point of error three.

 We affirm that portion of the judgment that awards Shepley actual damages based on the
jury findings. We reverse that part of the judgment granting Shepley declaratory relief and awarding
attorney's fees and render judgment that Shepley take nothing for attorney's fees. We assess the costs of
the appeal against Shepley, but do not disturb the trial-court award of trial-court costs.


Before Chief Justice Car