United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

)))))))))))))))))))))))))))

No. 05-51090

)))))))))))))))))))))))))))

AVE, INC.,

                    Plaintiff-Appellant,

        v.

TOM HORNSETH, COMAL COUNTY ENGINEER; DANNY SCHEEL, COUNTY JUDGE
OF THE COMAL COUNTY COMMISSIONERS' COURT; DIB WALDRIP, COMAL
COUNTY DISTRICT ATTORNEY,

                    Defendants-Appellees.

---

Appeal from the United States District Court
for the Western District of Texas
No. 5:02-CV-847

---

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-appellant AVE, Inc. ("AVE") appeals the district

court's order granting the defendants-appellees' motion to

dismiss for lack of standing in AVE's suit alleging that Comal

County's sexually oriented business regulations violate the

United States Constitution.  AVE argues that the district court

erred by resolving factual ambiguities in favor of the

---

    [*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

defendants-appellees, the moving parties, contrary to the proper summary judgment standard.  AVE also contends, in the alternative, that even if the district court properly determined the disputed facts, those facts do not establish that AVE lacks standing to sue.

We review the district court's standing determination *de novo*.  Pederson v. La. State Univ., 213 F.3d 858, 869 (5th Cir. 2000).  A district court may hold a preliminary hearing to resolve factual disputes in order to determine standing, especially when the jurisdictional challenge does not implicate the merits.  Barrett Computer Servs., Inc. v. PDA, Inc., 884 F.2d 214, 220 (5th Cir. 1989).  Standing is a jurisdictional matter; therefore, the district court has greater latitude in resolving factual disputes than in a motion for summary judgment and it may decide factual ambiguities in favor of the moving party.  Id. at 220.  "If the district court resolves any factual disputes in making its jurisdictional findings, the facts expressly or impliedly found by the district court are accepted on appeal unless the findings are clearly erroneous."  Pederson, 213 F.3d at 869.

After carefully reviewing all submissions by the parties and the record in this case, we conclude that the district court's factual findings were not clearly erroneous.  In light of the facts determined by the district court, AVE failed to prove that

it had standing.  We therefore AFFIRM the order of the district court.

**AFFIRMED.**