# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00183-CV

**AVE, Inc. and John Coil, Appellants**

**v.**

**Comal County, Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
### NO. C-2002-859-C, HONORABLE DON B. MORGAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellee Comal County sued appellants AVE, Inc. and John Coil, seeking temporary and permanent injunctive relief barring Coil and AVE from operating a sexually oriented business and alleging that they were violating section 243.0075 of the local government code and Comal County Commissioners Court Order Number 10 ("Order 10").[1]  *See* Tex. Loc. Gov't Code Ann. § 243.0075 (West 2005).  The County sought a declaration under the Uniform Declaratory Judgment Act ("UDJA") that Coil's and AVE's actions constituted an ongoing violation of section 243.0075 and Order 10.  *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 1997 & Supp. 2007).  The County also sought attorney's fees under the UDJA.  *See id*. § 37.009 (West 1997).

---

[1]  The business in question was a store that sold sexually oriented materials.  AVE, Inc. operated the store, and Coil owned AVE, Inc.

The trial court signed a judgment finding that Order 10 was duly enacted; content neutral; intended to combat the secondary effects of sexually oriented businesses, such as prostitution, drug usage, increase in crime, and lowered property values; and narrowly tailored to reduce those secondary effects. The court found that AVE's store violated Order 10 in several ways, including the structure of its interior layout and its being located too close to homes. The court declared that Order 10 was constitutional except for provisions in sections 7(6) and 8(1)(f), which relate to approvals by several entities that are not supervised by the Comal County Sheriff, because the order does not provide deadlines for those departments to make licensing decisions related to sexually oriented businesses and, therefore, gives those departments "unbridled discretion." The Court severed the unconstitutional provisions from the remainder of Order 10; declared that Coil and AVE were in violation of section 243.0075 of the local government code, section 341.014 of the health and safety code, and several remaining portions of Order 10; and permanently enjoined Coil and AVE from operating the sexually oriented business until they fully complied with section 243.0075 and the remaining requirements of Order 10 and installed a sewage facility or connected to a public sewer utility. The court found that the County had incurred $55,000 in attorney's fees through the entry of final judgment and would incur additional fees in the event of an appeal, ordering those fees to be paid by Coil and AVE.

On appeal, Coil and AVE complain that the final judgment is internally inconsistent because it both found that Order 10 was unconstitutional and that Coil and AVE were in violation of Order 10; there was insufficient evidence presented to show that off-site sexually oriented businesses create harmful secondary effects; there was no jurisdiction to award the County attorney's

2

fees under the UDJA; and there was insufficient evidence that Coil and AVE had violated section 243.0075. We dismiss AVE, Inc. as an appellant in this proceeding, dismiss three of Coil's issues, reverse the award of attorney's fees, and affirm the judgment as modified.

**Procedural history**

Our dismissal of AVE as an appellant and our consideration of the County's motion to dismiss two of the issues on appeal require us to consider the complicated procedural background of this case.

On September 17, 2002, the County filed the present suit for injunctive and declaratory relief ("the state case"), and the trial court signed its final judgment on February 23, 2005. Shortly before the County filed its state case, AVE filed suit against the County[2] in federal court (cause number SA-02-CA-847-FB, filed in the United States District Court for the Western District of Texas, San Antonio Division, "the federal case"), seeking declaratory and injunctive relief and arguing that the County was refusing to issue a septic permit in violation of AVE's constitutional rights to free speech and that Order 10 was an unconstitutional prior restraint on speech. The County counterclaimed, raising the same complaints it had raised in its state case against Coil and AVE and seeking injunctive and declaratory relief.

While the state and federal cases were pending, Coil and several other individuals were indicted in federal court (cause number W-03-CR-197-H, filed in the United States District

---

[2] AVE sued the Comal County Engineer, the County Judge of the Comal County Commissioners Court, and the Comal County District Attorney. For the purposes of this appeal, we will collectively refer to those defendants in the federal case as "the County."

Court for the Western District, Austin Division, "the criminal case") for more than thirty charges, including racketeering, tax evasion, transportation of obscene materials, and mail fraud. On June 10, 2004, Coil pled guilty to the transportation and mail fraud charges; the remaining charges were dropped. As part of his plea agreement, Coil agreed to forfeit to the government "any and all ownership in or other interest" he had in AVE and several other companies, including "any partnership interest therein, stock, inventory, fixtures." The federal court signed a judgment in accordance with Coil's guilty plea on September 23, 2004. AVE and another individual involved in AVE's management filed a motion to adjudicate the various parties' interests in AVE, and on January 4, 2005, the federal court signed an order in the criminal case finding that AVE was Coil's property and that Coil had established an elaborate structure of "front men" to hide his ownership of AVE and other companies.

After Coil pled guilty and forfeited all interest in AVE, the County moved to dismiss AVE's federal suit arguing that because AVE was Coil's alter ego and Coil had forfeited any interest in AVE, AVE no longer had standing to pursue its federal claims. On March 2, 2005, after briefing and a hearing, a federal magistrate entered a recommendation following the January 2005 order entered in the criminal case and finding that Coil was the only person to have an ownership interest in AVE. The magistrate further found that by his plea agreement, Coil forfeited his "ownership interest in AVE, Inc., instead of just the stores operated by AVE." The magistrate therefore concluded that AVE lacked standing to complain of the alleged constitutional violations and recommended the dismissal of AVE's federal case for lack of subject-matter jurisdiction. On June 22, 2005, a federal court adopted the magistrate's recommendations and dismissed AVE's federal

4

case for lack of jurisdiction. AVE appealed, and on October 10, 2006, the dismissal was affirmed by the federal appeals court. *See AVE, Inc. v. Hornseth*, No. 05-51090, 201 Fed. Appx. 997, 998 (5th Cir. Tex. 2006) (unpublished per curiam opinion).

**Dismissal of AVE, Inc.**

On March 28, 2008, after reviewing the record presented, we ordered John Fahle, the attorney who filed the notice of appeal on behalf of Coil and AVE, to show that he has authority to represent AVE in light of Coil's forfeiture of his ownership interest in the company. That response was due by April 21. Neither attorney Fahle, Coil, nor anyone representing AVE filed a response to the request to show authority. Consequently, Coil and his attorney have failed to show authority to represent AVE. Based on Coil's forfeiture, the federal court's finding that Coil no longer has any ownership interest in AVE, and the failure by Coil and his attorney to show that they have the authority to pursue an appeal on AVE's behalf, we dismiss AVE, Inc. from this appeal. *See* Tex. R. Civ. P. 12; *Tri-Steel Structures, Inc. v. Baptist Found.*, 166 S.W.3d 443, 453-54 (Tex. App.—Fort Worth 2005, pet. denied) (noting that policy behind rule 12 is to protect opposing party from groundless suits); *Air Park-Dallas Zoning Comm. v. Crow-Billingsley Airpark, Ltd.*, 109 S.W3d 900, 905 (Tex. App.—Dallas 2003, no pet.) ("Any party may file a motion to show authority. The challenged attorney has the burden of proof to show sufficient authority to represent the client. If sufficient authority is not shown, the attorney is not permitted to appear in the cause. Further, if no authorized person appears, the court shall strike the pleadings on file." (citations omitted)). We will consider the issues raised only as they apply to Coil.

5

**The County's Motion to Dismiss**

The County has filed a motion to dismiss the first two issues raised in this appeal, arguing that due to his forfeiture of his interest in AVE, Coil lacks standing to raise those complaints. It argues that those two issues are moot because Coil lacks a legally cognizable interest in the constitutionality of Order 10 or its enforcement and is collaterally estopped from challenging Order 10 by the federal court's decisions. Coil has not responded to the County's motion to dismiss.

Standing is a constitutional prerequisite to bringing and maintaining a lawsuit. *Williams v. Lara*, 52 S.W.3d 171, 178 (Tex. 2001). "For a plaintiff to have standing, a controversy must exist between the parties at every stage of the legal proceedings, including the appeal." *Id.* at 184. "If a controversy ceases to exist—'the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome'—the case becomes moot." *Id*. (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)); *see Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005). "The mootness doctrine implicates subject-matter jurisdiction." *Pantera Energy Co. v. Railroad Comm'n*, 150 S.W.3d 466, 471 (Tex. App.—Austin 2004, no pet.).

In AVE's federal suit against the County, the federal court determined that Coil was the sole owner of AVE and that he forfeited all of that ownership to the federal government in his plea agreement in the criminal case. The court further determined that since Coil's forfeiture, AVE "no longer holds a legal right in the alleged breach of constitutional rights that is the subject of this litigation. Therefore, AVE, Inc. no longer holds standing to pursue this litigation." AVE was the entity that operated the store, and when Coil forfeited his interest in AVE, he lost standing to bring claims or raise defenses on behalf of AVE or to complain of County actions against AVE or the

6

store. *See Williams*, 52 S.W.3d at 184 (former inmates lacked legally cognizable interest in obtaining injunctive or declaratory relief because they "no longer face[d] the unconstitutional conduct about which they complain[ed]" and any prospective relief would not benefit them); *Elizondo v. Texas Natural Res. Conservation Comm'n*, 974 S.W.2d 928, 932 (Tex. App.—Austin 1998, no pet.) (litigant lacked standing to bring suit because "she had no ownership interest in the affected land, having transferred her interest to her children"). We agree with the federal court that Coil's issues concerning the constitutionality and enforcement of Order 10 are moot.[3]

For the same reasons, we hold that Coil's fourth issue, related to the trial court's declaration that he and AVE "are in violation of Section 243[.]0075 of the Local Government Code," is also moot. As stated by the federal magistrate in his recommendation to the federal district court, AVE has been forfeited to the government; Coil no longer has any ownership interest in AVE, which operated the store in question; and his complaint related to violations of section 243.0075, which only occurred through AVE's operation of the store, has been rendered moot. *See Allstate Ins.*, 159 S.W.3d at 642 ("A case becomes moot if a controversy ceases to exist or the parties lack a legally cognizable interest in the outcome."). Because Coil lacks standing and the issues are moot, we dismiss issues one, two, and four for want of jurisdiction.

---

[3] The issues presented in AVE's federal case were the same as those raised in the County's state case and were fully litigated in the federal court by way of extensive briefing and argument by both parties. *See John G. & Marie Stella Kenedy Mem. Found. v. Dewhurst*, 90 S.W.3d 268, 288 (Tex. 2002). Although AVE named individual employees of Comal County as the defendants in the federal case, those individuals—the county engineer, judge of the commissioners court, and district attorney—are the same individuals involved in bringing the state case against Coil and AVE. Thus, the parties are the same and were cast as adversaries in the federal case. *See id*.

**Attorney's Fees**

Despite our determination that the issues related to the trial court's declarations and injunctions were mooted by Coil's forfeiture of his interest in AVE, the entire appeal is not moot. "[A] dispute over attorney's fees is a live controversy." *Id.* (citing *Camarena v. Texas Employment Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988)). Although the issues related to violations of Order 10 or section 243.0075 are moot, the County and Coil have an interest in determining whether the trial court's attorney's fees award can be sustained. *See Allstate Ins. Co.*, 159 S.W.3d at 643 ("Hallman's remaining interest in obtaining attorney's fees 'breathes life' into this appeal and prevents it from being moot."); *Camarena*, 754 S.W.2d at 151 ("The 'live' issue in controversy is whether or not the farm workers have a legally cognizable interest in recovering their attorney's fees and costs."). We will therefore consider the merits of Coil's third issue related to attorney's fees because the attorney's fee award was assessed against both AVE and Coil, leaving Coil personally liable for the attorney's fees award.

The only grounds on which the trial court could have based its attorney's fees award is section 37.009 of the UDJA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009; *Lesikar v. Rappeport*, 33 S.W.3d 282, 306 (Tex. App.—Texarkana 2000, pet. denied) ("As a general rule, unless expressly provided for by statute or contract, attorneys' fees incurred in the defense or prosecution of a lawsuit are not recoverable."). Coil complains that the trial court lacked jurisdiction under the UDJA to award the County attorney's fees and that the evidence does not support the trial court's award. He argues that a party cannot simply add a request for a declaration in order to obtain attorney's fees and that the County's request for a declaration that Coil and AVE had violated section

8

243.0075 and Order 10 was merely a "back-door method of obtaining attorney's fees" that should not be available. Instead, Coil contends, the County's only remedy was for a judgment under local government code section 243.010, which provides for enforcement of sexually-oriented-business ordinances but does not allow for the recovery of attorney's fees. *See* Tex. Loc. Gov't Code Ann. § 243.010 (West 2005).[4]

At the time the County filed its suit, AVE had filed its federal suit seeking a declaration that Order 10 was unconstitutional. In the state suit, the County sought injunctive relief pursuant to section 243.010 and asked for "a declaration that Defendants' actions and the actions of their agents and employees constituted and continue to constitute a violation of Chapter 243 of the Texas Local Government Code and Comal County Commissioners Court Order No. 10." In their original answer, Coil and AVE "aver[red] that [the County's] claim is not properly brought under the Declaratory Judgments Act, and that therefore [the County] fail[ed] to State [sic], in that particular cause of action, a claim under which relief may be granted." Coil and AVE asserted that Order 10 was unconstitutional but did not counterclaim or seek an opposing declaration from the trial court.

Coil asserts that if he had sued to challenge the constitutionality of Order 10 or counterclaimed for declaratory judgment on that issue or if the County had sought a declaratory judgment on the constitutionality of Order 10, rather than whether Coil and AVE were in violation of the order, attorney's fees under the UDJA would have been proper. However, because the County

---

[4] A municipality or county may sue in district court for "an injunction to prohibit the violation of" a sexually-oriented-business regulation. Tex. Loc. Gov't Code Ann. § 243.010 (West 2005).

sought only a declaration that Coil and AVE were violating Order 10, Coil contends, the issue was not the proper subject matter of an action under the UDJA. We agree.

The UDJA provides that a party "whose rights, status, or other legal relations are affected by a statute [or] municipal ordinance . . . may have determined any question of construction or validity arising under the . . . statute [or] ordinance . . . and obtain a declaration of rights, status, or other legal relations." Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (West Supp. 2007). Declaratory relief is inappropriate if it would add nothing to the injunctive or other relief sought. *See Boatman v. Lites*, 970 S.W.2d 41, 43 (Tex. App.—Tyler 1998, no pet.) (declaratory judgment "may not be used solely as a vehicle to obtain attorney's fees" and is "inappropriate if it will serve no useful purpose"); *Tucker v. Graham*, 878 S.W.2d 681, 683 (Tex. App.—Eastland 1994, no writ) ("Plaintiffs' declaratory judgment action involved the same parties and the same issues as in the statutory cause of action and was not appropriate."). Further, a "declaratory judgment should not be rendered when there is no claim that a statute or a deed is ambiguous or invalid." *Boatman*, 970 S.W.2d at 43 (citing *Bell v. State Dep't of Highways & Pub. Transp.*, 945 S.W.2d 292, 294 (Tex. App.—Houston [1st Dist.] 1997, writ denied)).

The County argues that the declaratory relief was appropriate because Coil and AVE raised the issue of constitutionality, albeit not through a counterclaim for declaratory relief. The cases cited by the County, however, involve cases in which the plaintiffs sought declarations to clarify their rights or duties under an order or statute. *See, e.g.*, *City of Austin v. Garza*, 124 S.W.3d 867, 870, 875 (Tex. App.—Austin 2003, no pet.); *City of Austin v. Pendergrass*, 18 S.W.3d 261, 264-65 (Tex. App.—Austin 2000, no pet.); *Texas Dep't of Pub. Safety v. Moore*, 985 S.W.2d 149,

152-54 (Tex. App.—Austin 1998, no pet.); *Texas Dep't of Human Servs. v. Benson*, 893 S.W.2d 236, 238, 243 (Tex. App.—Austin 1995, writ denied); *Weaver v. AIDS Servs. of Austin, Inc.*, 835 S.W.2d 798, 799-800, 802-803 (Tex. App.—Austin 1992, writ denied).  In this case, contrary to the County's statement in its brief that it "sought a declaration regarding section 243.0075 [of the local government code], as well as its SOB Order," the County did *not* seek a declaration related to validity or meaning of the local government code or Order 10, and Coil and AVE did not file a counterclaim seeking a declaration that the order was unconstitutional.  In its original petition, the County's request for declaratory relief asked only for a declaration that Coil and AVE were violating the local government code and Order 10.

The County admits as much when it states that it "is immaterial that the County did not specifically seek a declaration as to the constitutionality of the SOB Order in its petition," arguing that because AVE had raised the issue in the federal suit, the County "understood that [Coil and AVE] would, which they did, assert unconstitutionality as a defense" and, therefore, "there was no need for the County to amend its petition to specify that it was seeking a declaration as to the constitutionality of the SOB Order."  We disagree.

"A plaintiff's petition must give notice of the relief sought, and the judgment must conform to the pleadings."  *Otis Elevator Co. v. Parmelee*, 817 S.W.2d 731, 737 (Tex. App.—Houston [1st Dist.] 1991) (citation omitted), *rev'd on other grounds*, 850 S.W.2d 179 (Tex. 1993).  The pleadings inform the parties what claims are alleged and what relief is sought, and we will not construe a general prayer for relief "as subsuming *any* equitable or legal doctrine simply by including those terms in the prayer."  *Wortham v. Dow Chem. Co.*, 179 S.W.3d 189, 196

11

(Tex. App.—Houston [14th Dist.] 2005, no pet.); *see Holmstrom v. Lee*, 26 S.W.3d 526, 532 (Tex. App.—Austin 2000, no pet.) ("A trial court may not grant relief in the absence of pleadings supporting such relief. . . . When a plaintiff has included a general prayer for relief, the propriety of a remedy depends not on the specific relief sought but on the facts pleaded and proven." (citations omitted)).

The County sought a declaration only as to whether Coil and AVE were violating the local government code and Order 10. It did not request a declaration to "determine[] any question of construction or validity" of the order or statute or "a declaration of rights, status, or other legal relations." *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a). Coil and AVE objected in their original answer that the County's claim was "not properly brought under the Declaratory Judgments Act" and that the County did not state "a claim under which relief may be granted." Despite this complaint being raised as a "defense and special exception," the County did not amend its pleadings.[5] Whether the constitutionality of the order had been raised by AVE in the federal proceeding or even in defense of the present case is irrelevant in determining whether the declaratory relief issued by the trial court went beyond the County's request made in its pleadings. We hold that the County was limited to the relief it requested in its pleadings. *See Holmstrom*, 26 S.W.3d at 532. Because the declaratory relief requested by the County was redundant of and would have added

---

[5] At a hearing to enforce the trial court's permanent injunction held after the trial court entered its final judgment, Coil and AVE objected to the award of attorney's fees, noting again that "[t]he only declaration that they asked for in their original petition was a declaration that the—that the defendants were in violation of the order."

12

nothing to the injunctive relief sought, the request was inappropriate and cannot support an award of attorney's fees. *See Boatman*, 970 S.W.2d at 43. We sustain Coil's third issue.

## Conclusion

We dismiss AVE, Inc. from this proceeding and dismiss issues one, two, and four. The County's pleadings did not support an award of attorney's fees under the UDJA, and thus we reverse the trial court's award of attorney's fees to the County. We affirm the remaining portions of the trial court's judgment.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Affirmed in part; Dismissed in part; Reversed and Rendered in part

Filed: May 14, 2008

13