**Appeal Reversed, Rendered, and Remanded; Opinion Filed December 7, 2012.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-00154-CV

## CITIBANK (SOUTH DAKOTA), N.A., Appellant

V.

## RANDY E. DURDEN, Appellee

On Appeal from the 68th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-09-09657

# MEMORANDUM OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Moseley

Following a jury trial in this debt collection case, the court rendered a take-nothing judgment on plaintiff/appellant CitiBank (South Dakota), N.A.'s claims against defendant/appellant Randy Durden and awarded Durden attorney's fees. In six issues, CitiBank contends the trial court erred by (1) rendering a take-nothing judgment, (2) rendering a final judgment on conflicting jury answers, (3) awarding Durden injunctive relief, (4) awarding attorney's fees directly to Durden's counsel, and (5) failing to award attorney's fees to CitiBank. In its sixth issue CitiBank argues that those errors were harmful. Because the facts are well known to the parties and the law is well established, we issue this memorandum opinion. *See*

TEX. R. APP. P. 47.1. We reverse and render judgment in favor of CitiBank. We remand for the determination of post-judgment interest.

Durden acquired a CitiBank credit card in 2001. He made charges on the card, received statements, and made payments on the account until August of 2008 when he stopped making payments. CitiBank continued to mail statements without receiving a response from Durden. CitiBank sent a written demand letter on May 15, 2009, which included the last account statement and demanded payment of the amount owed. No evidence was presented in the trial court that showed any attempt by Durden to dispute his receiving the statements, the amount owed as shown in the statements, or any evidence that he challenged the contents of the statements.

After negotiations broke down between a debt settlement company employed by Durden and CitiBank, this lawsuit was commenced. The jury found that Durden owed $23,658.21 on his CitiBank credit card account but found that CitiBank was not damaged by Durden's failure to comply with his credit card account. The jury further found that, although CitiBank had not yet violated the Texas Debt Collection Act, it would do so in the future if not enjoined by the court. The court also awarded Durden $5,200 for attorney's fees.

## DEBT COLLECTION CLAIMS

We decide issues one and two—those relating to the jury's finding of no damages on CitiBank's debt collection claims—together.

### A. Standard of Review

To evaluate the legal sufficiency of the evidence to support a finding, we must "determine whether the proffered evidence as a whole rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Transp. Ins. Co. v. Moriel,* 879 S.W.2d 10, 25 (Tex. 1994); *see also St. Joseph Hosp. v. Wolff,* 94 S.W.3d 513, 519 (Tex.

–2–

2002) (plurality op.). We view the evidence in the light most favorable to the finding, crediting favorable evidence if a reasonable fact-finder could, and disregarding contrary evidence unless a reasonable fact-finder could not. *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex. 2005).

To evaluate the factual sufficiency of the evidence to support a finding, we consider all the evidence and set aside the finding only if the evidence supporting it is so weak or so against the overwhelming weight of the evidence that the finding is clearly wrong and unjust. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex. 1986); *Dyson v. Olin Corp.,* 692 S.W.2d 456, 457 (Tex. 1985).

**B. Applicable Law**

To prove it was entitled to relief under its account-stated claim, CitiBank was required to show (1) transactions between it and Durden gave rise to the indebtedness, (2) an agreement, express or implied, between the parties that fixed the amount due, and (3) Durden made an express or implied promise to pay the indebtedness. *See Dulong v. CitiBank (S.D.), N.A.,* 261 S.W.3d 890, 893 (Tex. App.—Dallas 2008, no pet.). CitiBank was not required to produce a written agreement if it produced other evidence of an agreement between the parties because an account-stated claim can be based on either an express or an implied agreement. *Compton v. CitiBank (S.D.), N.A.,* 364 S.W.3d 415, 418 (Tex. App.—Dallas 2012, no pet.). An agreement to the amount owed can be implied from proof that account statements were sent to the defendant, the defendant made charges and payments on the account, fees and interest were assessed on the account, and the defendant retained credit card statements reflecting the fees and charges on the account without disputing them. *See id.; Hays v. CitiBank (S.D.), N.A.,* 05-11-00187-CV, 2012 WL 929673, at *3 (Tex. App.—Dallas Mar. 16, 2012, no pet.) (mem. op.).

–3–

## C. Discussion

Here, the evidence was undisputed that Durden entered into an agreement with CitiBank by using the provided credit card for various transactions and account transfers. Durden testified he had received the card, used the card regularly, received the statement at issue, and had not contested it. As a matter of law, Durden's receipt and retention of the credit card statement without complaint implies both an agreement to the amount stated on the statement and an agreement to repay the amount owed. *See Compton,* 364 S.W.3d at 418; *Dulong,* 261 S.W.3d at 894. Durden offered no evidence that could be construed by a reasonable juror as contesting any of the elements making up CitiBank's account-stated claim.[1]

Because CitiBank established its right to a favorable judgment under an account-stated theory as a matter of law, we sustain CitiBank's first and second issues, reverse the take-nothing judgment, and render judgment for CitiBank for damages in the amount of $23,658.21.

## DURDEN'S ATTORNEY'S FEES

In its third issue, CitiBank argues the trial court erred by rendering judgment in favor of Durden and awarding attorney's fees to him under the Texas Protection of Consumers of Financial Services chapter of the finance code or, alternatively, under the Uniform Declaratory Judgments Act.[2]

## A. Applicable Law

"[A] person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonably related to the amount of work performed and costs." TEX. FIN. CODE ANN. § 392.403(b) (West 2006). In order to be awarded attorney's fees under the Texas Debt

---

[1] CitiBank claimed in its motion to reform the judgment that in post-verdict interviews, several jurors expressed confusion regarding the outcome of the case. They believed their answer of "none" to the damages question only applied to extra damages, i.e. emotional damages or other similar non-economic damages suffered by CitiBank. They believed their entering of $23,658.21 for the "amount owed" question awarded that amount to CitiBank on its debt collection claim. A review of the record shows that a statement by defendant during closing argument intimated that this was the correct interpretation of the jury questions.

[2] We do not discuss CitiBank's fourth issue—the award of attorney's fees directly to Durden's counsel—because the issue is mooted by our disposition of CitiBank's third issue.

–4–

Collection Act, the underlying suit for injunction must be successful. *See Marauder Corp. v. Beall*, 301 S.W.3d 817, 823 (Tex. App.—Dallas 2009, no pet.).

A declaratory judgment is a remedial action that determines the rights of the parties and affords relief from uncertainty with respect to rights, status, and legal relations. TEX. CIV. PRAC. & REM. CODE ANN. § 37.002 (West 2008); *Tucker v. Graham*, 878 S.W.2d 681, 683 (Tex. App.—Eastland 1994, no writ). Thus, "a court of record, within its jurisdiction has power to declare rights, status, and other legal relations whether or not further relief could be claimed." TEX. CIV. PRAC. & REM. CODE ANN. § 37.003(a). A declaratory judgment is not available, however, to settle legal disputes already pending before the court. *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990). This rule applies when a plaintiff's cause of action is mature and enforceable and the pending suit involves the same parties and the same issues involved in the declaratory judgment action. *Tucker*, 878 S.W.2d at 683.

## B. Discussion

Here, Durden counterclaimed for statutory damages for harassing debt collection calls and for an injunction to stop future calls. The jury found that although CitiBank had not yet harassed Durden, it would do so in the future if not enjoined. In the original judgment, the trial court entered an injunction against future harassing phone calls. However, following CitiBank's motion to modify the judgment, the court modified the judgment to remove the injunction against CitiBank.

Because no injunction was granted and Durden received no other favorable relief under the Texas Debt Collection Act, there is nothing to support an award of attorney's fees in his favor under the Texas Finance Code. *See Beall*, 301 S.W.3d at 823. Furthermore, the attorney's fees cannot be supported by the declaratory judgment requested in Durden's third amended counterclaim. Durden sought a declaratory judgment to determine his level of debt, the rate of

interest on the card, the minimum amounts owed, whether a breach of the credit card agreement had occurred, and whether he had defaulted. But these were precisely the issues that CitiBank presented to the court in its initial lawsuit. Because Durden did not properly raise any matters not already mature, enforceable, and pending before the court, his declaratory judgment counterclaim was improper. A party may not seek declaratory relief simply to pave the way to recover attorney's fees. *See US Bank, N.A. v. Prestige Ford Garland Ltd. P'ship*, 170 S.W.3d 272, 278–79 (Tex. App.—Dallas 2005, no pet.); *John Chezik Buick Co. v. Friendly Chevrolet Co.*, 749 S.W.2d 591, 594–95 (Tex. App.—Dallas 1988, writ denied).

Because neither the Texas Debt Collection Act nor the Texas Declaratory Judgment Act support an award of attorney's fees to Durden, we sustain CitiBank's third issue and reverse the portion of the judgment awarding attorney's fees to Durden.

### CITIBANK'S ATTORNEY'S FEES

In its fifth issue, CitiBank argues the trial court erred by failing to award it attorney's fees.

**A. Applicable Law**

Texas Civil Practice and Remedies Code section 38.001 authorizes a prevailing party in a claim based on a sworn account or an oral or written contract to recover attorney's fees. TEX. CIV. PRAC. & REM. CODE ANN., § 38.001 (West 2008). A party may recover attorney's fees under Chapter 38 based upon an account-stated claim. *See Busch v. Hudson & Keyse, LLC*, 312 S.W.3d 294, 300 (Tex. App.—Houston [14th Dist.], no pet.). In order to recover attorney's fees a party must be represented by counsel and must present the claim to the opposing party. *Id.* If the opposing party has not tendered payment within thirty days, the presenting party is entitled to recover attorney's fees in addition to the claim. *Id.*

–6–

## B. Discussion

Having reversed the trial court's judgment in favor of Durden, and rendered judgment in favor of CitiBank, CitiBank is now the prevailing party. The uncontroverted evidence presented to the trial court showed that CitiBank presented a claim, including the account statement at issue and a demand for repayment of the debt owed by Durden, more than thirty days before judgment. As the prevailing party on an account-stated claim under the Chapter 38, CitiBank is entitled to attorney's fees. *See Busch*, 312 S.W.3d at 300. The jury provisionally answered the question of CitiBank's attorney's fees in question five. The jury decided that a fair and reasonable fee for CitiBank's legal representation was $5,384.00 at the trial level and $3,000.00 for a successful appeal to this Court. As such, we sustain CitiBank's fifth issue and render judgment awarding attorney's fees of $8,384.00 to CitiBank.

### CONCLUSION

Having found in favor of CitiBank on its account-stated claim, we reverse the trial court's judgment and render judgment that Durden take nothing on his counterclaim and that CitiBank recover from Durden the sum of $23,658.21 plus reasonable and necessary attorney's fees of $8,384.00. We remand to the trial court for the determination of post-judgment interest.

JIM MOSELEY
JUSTICE

110154F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CITIBANK (SOUTH DAKOTA), N.A.,
Appellant

No. 05-11-00154-CV      V.

RANDY E. DURDEN, Appellee

Appeal from the 68th Judicial District
Court of Dallas County, Texas (Trial Court
No. DC-09-09657).
Opinion delivered by Justice Moseley,
Justices Fillmore and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that Randy E. Durden take nothing on his counterclaims and that CitiBank (South Dakota), N.A. recover from Randy E. Durden the amount of $23,658.21, plus reasonable and necessary attorney's fees in the amount of $8,384.00. This cause is **REMANDED** to the trial court for determination of post-judgment interest. It is **ORDERED** that appellant CitiBank (South Dakota), N.A. recover its costs of this appeal from appellee Randy E. Durden.

Judgment entered December 6, 2012.

JIM MOSELEY
JUSTICE