**Dismissed in part; Affirmed in part and Opinion Filed December 23, 2022**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00018-CV

## MICHAEL SUTTON, Appellant
## V.
## OCTAPHARMA PLASMA INCORPORATED, Appellee

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-06879**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Garcia
Opinion by Justice Molberg

Appellant Michael Sutton appeals the trial court's November 16, 2018 order

dismissing under the TCPA[1] certain defamation, negligence, and DTPA[2] claims

against appellee Octapharma Plasma Incorporated and the trial court's October 7,

---

[1] The Texas Legislature amended the Texas Citizens Participation Act (TCPA) effective September 1, 2019. Those amendments apply to "an action filed on or after" that date. Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Sess. Law Serv. 684, 687. Because the underlying lawsuit was filed before September 1, 2019, the law in effect before September 1, 2019, applies. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961–64, *amended by* Act of May 24, 2013, 83d Leg., R.S., ch. 1042, 2013 Tex. Gen. Laws 2499–2500. All citations to the TCPA are to the version before the 2019 amendments took effect.

[2] *See* TEX. BUS. & COM. CODE §§ 17.41–.63 (Deceptive Trade Practices Act (DTPA)).

2019 summary judgment on his remaining claims for negligence, DTPA, tortious interference, and declaratory judgment. In seven issues,[3] Sutton argues the trial court erred in issuing both orders. For the reasons below, we dismiss for lack of jurisdiction Sutton's first four issues regarding the TCPA order, overrule Sutton's fifth, sixth, and seventh issues, and affirm the judgment in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## I. BACKGROUND

This dispute arises from Octapharma's November 2017 handling of Sutton's plasma donation.[4] The crux of Sutton's claims is that Octapharma's negligent

---

[3] Sutton's seven issues are as follows:

> 1. The trial court erred in granting [Octapharma's] [m]otions to [d]ismiss under the TCPA when the TCPA did not apply.
>
> 2. The trial court erred in dismissing [Sutton's] defamation claims pursuant to the TCPA.
>
> 3. The trial court erred in dismissing any of [Sutton's] negligence claims pursuant to the TCPA.
>
> 4. The trial court erred in dismissing any of [Sutton's] DTPA claims pursuant to the TCPA.
>
> 5. The trial court erred in dismissing [Sutton's] [t]ortious [i]nterference and conspiracy claims prior to allowing [Sutton] to obtain adequate discovery based on [Octapharma's] improper application of the TCPA.
>
> 6. The trial court erred in refusing to grant [Sutton's] request for [d]eclaratory [j]udgment that he is, in fact, not HIV positive and to correct the record based on multiple subsequent screenings, [Octapharma's] own subsequent testing that [Octapharma] had performed by third-party laboratories on the plasma sample in question.
>
> 7. The trial court erred in granting [n]o [e]vidence [s]ummary [j]udgment because fact issues exist and [Sutton] was not allowed to complete discovery, and the court erred in excluding summary judgment evidence.

[4] Octapharma does not dispute that, while contributions of plasma are called "donations," Octapharma pays its donors for donating.

handling, processing, and/or testing of his plasma donation led to a false and inaccurate HIV-positive reading of his donation, which Octapharma then used and reported to Dallas County, the National Donor Registry, and its competitors, without retesting or obtaining a new sample, and which resulted in Sutton being wrongly banned from donating plasma at any center in the nation—even though subsequent tests have shown he is not positive for the HIV virus.

In late May 2018, Sutton sued Octapharma and Quentin Bourne, an Octapharma employee,[5] for negligence and defamation in connection with that November 2017 event. He later amended his petition to add claims for violations of the Deceptive Trade Practices Act (DTPA),[6] tortious interference, conspiracy to commit tortious interference, and declaratory judgment. In connection with his declaratory judgment claim, Sutton requested that the trial court "declare that [Sutton] is not HIV positive, as alleged or implied by [Octapharma], so that certain rights taken away from [Sutton] due to [Octapharma's] conduct can be restored."

Octapharma filed a TCPA motion to dismiss Sutton's negligence and defamation claims on July 24, 2018. Octapharma later filed a supplemental TCPA motion regarding Sutton's DTPA claim.

---

[5] In October 2018, Sutton nonsuited without prejudice his claims against Bourne. In September 2019, Sutton moved for leave to file a fifth amended petition in order to again add claims against Bourne, but the record does not indicate the court heard or ruled on that motion before granting summary judgment.

[6] *See* TEX. BUS. & COM. CODE §§ 17.41–.63.

On November 16, 2018, the trial court heard and granted in part Octapharma's TCPA motion and supplemental TCPA motion. Specifically, the court dismissed with prejudice Sutton's defamation claim; dismissed with prejudice his negligence and DTPA claims to the extent that such claims relate to reporting to a health department, national doctor deferral registry, and any plasma donation centers; and ordered that Sutton take nothing on those claims.

On August 6, 2019, Octapharma moved for partial summary judgment on Sutton's remaining negligence and DTPA claims and on Sutton's tortious interference claims that were included by then in his live pleading. According to that motion, were the trial court to grant it, only Sutton's declaratory judgment claim would remain. The motion asserted summary judgment was proper under civil procedure rule 166a(i).[7] Sutton sought and obtained a continuance of the hearing on that motion.

On September 3, 2019, Octapharma amended that summary judgment motion and sought a comprehensive summary judgment on all of Sutton's remaining claims based on both traditional and no evidence grounds. *See* TEX. R. CIV. P. 166a(c), (i).[8]

---

[7] *See* TEX. R. CIV. P. 166a(i) ("After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.").

[8] Rule 166a(c) states, in part, "The judgment sought shall be rendered forthwith if (i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing, or filed thereafter and before judgment

In that supplemental motion, Octapharma continued to argue Sutton had no evidence to establish the necessary elements of his tortious interference claims and his remaining negligence and DTPA claims and also argued Sutton's declaratory judgment claim failed as a matter of law because no justiciable controversy existed.

On October 7, 2019, the trial court heard Octapharma's amended summary judgment motion and granted it in its entirety, entering a take-nothing judgment against Sutton in a written order signed the same day as the hearing. The court also sustained Octapharma's objections to Sutton's summary judgment evidence and stated in its written order, "This [s]ummary [j]udgment resolves and disposes of all pending claims and parties in this action."

On November 5, 2019, Sutton filed a motion for reconsideration or alternatively for new trial. The trial court denied that motion on December 20, 2019, and thirteen days later, Sutton filed a notice of appeal.

## II. ANALYSIS

### A.    TCPA Dismissal and Our Lack of Jurisdiction

In his first through fourth issues, Sutton appeals the trial court's November 16, 2018 order granting in part appellee Octapharma's TCPA motion to dismiss his defamation claim in its entirety and his negligence and DTPA claims to the extent

---

with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response." We quote rule 166a(i) in the prior footnote.

–5–

that they relate to reporting to a health department, national doctor deferral registry, and any plasma donation centers.

Although neither party disputed our appellate jurisdiction, we questioned the parties during oral argument about our jurisdiction over the TCPA aspects of this appeal. We also invited them to submit post-argument briefing on this topic, and each did so.

The parties agree on various circumstances but disagree about their impact on our jurisdiction over the TCPA portions of Sutton's appeal. Both agree:

- the November 16, 2018 TCPA order was interlocutory;

- the October 7, 2019 summary judgment order granted Octapharma's amended summary judgment motion on all remaining claims;

- on November 5, 2019, Sutton filed a postjudgment motion for reconsideration of the November 16, 2018, and October 7, 2019 orders, or alternatively for new trial;

- the trial court denied that motion on December 20, 2019; and

- we must expedite TCPA appeals and, as a result, TCPA appeals are accelerated appeals requiring a notice of appeal to be filed within twenty days after the final judgment.

The parties disagree, however, on two important questions: what is the final judgment that started the clock on the twenty-day deadline in this case, and did Sutton's postjudgment motion extend that deadline?

Octapharma argues the clock started with the October 7, 2019 summary judgment order and argues Sutton's postjudgment motion did not extend the twenty-

day deadline, citing as support TCPA section 27.008(b) and rules of appellate procedure 26.1 and 28.1(b).  *See* TEX. CIV. PRAC. & REM. CODE § 27.008(b); TEX. R. APP. P. 26.1, 28.1(b).[9]

Sutton acknowledges most of the provisions Octapharma relies on but notably ignores rule 28.1(b).[10]  He makes three arguments regarding jurisdiction, one that we address here, and two we address at the end of this section.  Unlike Octapharma, Sutton argues the twenty-day clock started with the December 20, 2019 order denying his postjudgment motion, citing various cases and civil procedure rules 306a and 329b as support.[11]  While Sutton does not explicitly state that his postudgment motion extended the twenty-day deadline, he suggests, at least implicitly, that it did, on the theory that the October 7, 2019 summary judgment order was not yet final, when his postjudgment motion extended the court's plenary power and allowed the court to vacate, correct, modify, or reform the judgment until December 20, 2019. According to Sutton, the December 20, 2019 order denying his postjudgment motion

---

[9] Rule 28.1(b) states, "[a] motion for new trial or other postjudgment motion does not extend the deadline to perfect an accelerated appeal."

[10] Sutton's letter brief on jurisdiction states, in part, "The TCPA purports to require appellate courts to expedite all appeals, whether interlocutory or not.  TEX. CIV. PRAC. & REM. CODE §§ 27.008(b).  Any appeal 'required by statute to be accelerated or expedited' is considered an 'accelerated appeal.'  TEX. R. APP. P. 28.1(a).  '[I]n an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed.'  [TEX. R. APP. P.] 26.1(b)."

[11] *See* TEX. R. CIV. P. 306a, 329b; *In re Panchakarla*, 602 S.W.3d 536 (Tex. 2020) (per curiam) (orig. proceeding); *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993); *Leniek v. Evolution Well Servs., LLC*, No. 14-18-00954-CV, 2019 WL 438825, at *3 (Tex. App.—Houston [14th Dist.] Apr. 2, 2019, no pet.) (per curiam) (mem. op.).

started the twenty-day clock, and by filing his notice of appeal on January 2, 2020—thirteen days later—he met the twenty-day deadline a week early.

We disagree with Sutton and agree with Octapharma on those arguments.

The principal failing of Sutton's argument is that it ignores the plain terms of rule 28.1(b) and focuses not on appellate deadlines in accelerated appeals but instead on questions regarding a court's plenary power, which leads Sutton to rely on authorities that do not impact our decision, as none address the timeliness of a TCPA or other accelerated appeal.[12]

With regard to finality, in *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001), the court addressed the "persistent problem" of determining when a judgment rendered without a trial on the merits is final for purposes of appeal and stated:

> We consider only cases in which one final and appealable judgment can be rendered and not cases, like some probate and receivership proceedings, in which multiple judgments final for purposes of appeal can be rendered on certain discrete issues. And we consider a judgment's finality only for purposes of appeal and not for other purposes, such as issue and claim preclusion. . . . [I]n cases in which only one final and appealable judgment can be rendered, a judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before

---

[12] *See Panchakarla*, 602 S.W.3d at 540 (describing the question presented as "whether the trial court could vacate [a] timely issued [TCPA] order after [TCPA] [s]ection 27.005(a)'s 30-day window closed" and holding "the TCPA does not impose a 30-day restriction on a trial court's authority to vacate a ruling on a TCPA motion to dismiss."); *Fruehauf Corp.*, 848 S.W.2d at 84 (in a case pre-dating and involving no claims under TCPA, concluding a court of appeals erred in holding that a trial court does not have the authority to vacate an order for a new trial during the seventy-five day period provided for such under rule 329b); *Leniek*, 2019 WL 438825, at *2–3 (considering whether appeal was from an interlocutory TCPA order and dismissing appeal after concluding it was); *see also* TEX. R. CIV. P. 306a (stating nothing regarding deadlines for TCPA or other accelerated appeals), TEX. R. CIV. P. 329b (same).

–8–

the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties.

*Id.* at 192–93 (internal footnote omitted). Here, the trial court's October 7, 2019 summary judgment order did both and was thus final for purposes of appeal. *See id.*

Because TCPA section 27.008(b) requires us to expedite Sutton's TCPA appeal, this is an accelerated appeal. *See* TEX. CIV. PRAC. & REM. CODE § 27.008(b) (stating "[a]n appellate court shall expedite an appeal or other writ, whether interlocutory or not, from a trial court order on a motion to dismiss"); TEX. R. APP. P. 28.1 (stating appeals "required by statute to be expedited" are accelerated appeals). As such, absent a rule 26.3 motion, which Sutton did not file,[13] his notice of appeal of the November 16, 2018 TCPA order was due within twenty days of the October 7, 2019 summary judgment order that made the prior TCPA order final, and this deadline was not extended by Sutton's postjudgment motion. *See* TEX. R. APP. P. 26.1(b) ("[I]n an accelerated appeal, the notice of appeal must be filed within [twenty] days after the judgment or order is signed[.]"); TEX. R. APP. P. 28.1(b) ("A motion for new trial or other postjudgment motion does not extend the deadline to perfect an accelerated appeal."). Because Sutton did not meet this deadline, his notice of appeal as to the TCPA order was untimely, and we lack jurisdiction over that portion of his appeal. *See* TEX. R. APP. P. 2 (prohibiting us from construing rule

---

[13] Had Sutton filed his notice of appeal within thirty-five days of the October 7, 2019 summary judgment order, we could have implied a motion for extension of time and concluded that his appeal of the TCPA order was timely. *See Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003). Sutton did not do so, however.

to alter the time for perfecting appeal in a civil case); *Spencer v. Pagliarulo*, 448 S.W.3d 605, 606–07 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (dismissing TCPA appeal for want of jurisdiction when appellant filed his notice of appeal thirty-eight days after the final judgment was rendered).

We reach this conclusion based on the authorities cited in the prior paragraph as well as other cases not cited by the parties, some of which are binding and some that involve the timeliness of TCPA appeals. One binding case involving an accelerated appeal but not in a TCPA context is *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005), in which the court stated:

> In an ordinary civil appeal in which the deadline to file the notice of appeal is otherwise thirty days after the judgment or order is signed, filing one of the post-judgment motions identified in rule 26.1(a) extends the deadline to ninety days. But we hold that in an accelerated appeal, absent a rule 26.3 motion, the deadline for filing a notice of appeal is strictly set at twenty days after the judgment is signed, with no exceptions, and filing a rule 26.1(a) motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusions of law will not extend that deadline. Allowing such post-order motions to automatically delay the appellate deadline is simply inconsistent with the idea of accelerating the appeal in the first place.

The supreme court recently reaffirmed that holding in *Mitschke v. Borromeo*, 645 S.W.3d 251 (Tex. 2022), stating, in part, "*K.A.F.* stands for a proposition that we reaffirm—that timeliness remains essential in *any* appeal. In ordinary appeals [like *Mitschke*], *but not* in accelerated appeals (like K.A.F.), a motion for new trial affects that timeliness." *Id*. at 259 n.13.

We have cited *K.A.F.* or have applied the principles upon which it is based in accelerated appeals in our Court, both in and out of a TCPA context. *See In re A.N.*, No. 05-17-00581-CV, 2017 WL 3764588, at *1 (Tex. App.—Dallas Aug. 31, 2017, no pet.) (mem. op.) (citing *K.A.F.* and dismissing for want of jurisdiction an accelerated appeal in a termination of parental rights case when the notice of appeal was filed forty-one days after final judgment was rendered, after the expiration of the twenty-day deadline under rule 26.1(b) and the expiration of the fifteen-day extension allowed under rule 26.3); *Kim v. Kim*, No. 05-16-01508-CV, 2017 WL 1281397, at *1 (Tex. App.—Dallas Apr. 6, 2017, pet. denied) (mem. op.) (dismissing appeal for want of jurisdiction when appellant filed notice of appeal fifty-nine days after final order granting appellee's TCPA motion to dismiss); *Roll-N-Rock, Inc. v. Patison*, No. 05-15-00164-CV, 2015 WL 5098520, at *1–2 (Tex. App.—Dallas Aug. 31, 2015, no pet.) (mem. op.) (though not citing *K.A.F.*, dismissing a TCPA appeal for lack of jurisdiction when the notice of appeal was filed eighty days after the order that rendered final the previously interlocutory TCPA order—in that case, a severance order—stating that the notice of appeal was due within twenty days of that order or within the fifteen-day extension period under rule 26.3). Our sister courts have done so as well.[14]

---

[14] *See, e.g.*, *Patience v. Hodson*, No. 01-22-00599-CV, 2022 WL 4830805, at *1–2 (Tex. App.—Houston [1st Dist.] Oct. 4, 2022, pet. filed) (mem. op.) (per curiam) (dismissing for lack of jurisdiction an appeal from a judgment granting a TCPA motion, stating appeal was an accelerated appeal which required a notice of accelerated appeal to be filed "within 20 days from the date the order or judgment is signed or within 15 days of that deadline with a motion for extension of time to file the notice of appeal" and stating

–11–

Sutton also makes two additional arguments regarding our jurisdiction over the TCPA portion of his appeal. First, Sutton asks that we extend the deadline for his notice of appeal for good cause and due to what he views as the uncertainty of the law on this issue. But as the above authorities demonstrate, the law on this issue is not uncertain, and we lack the power to extend the deadline for his notice of appeal beyond a total of thirty-five days. *See Roll-N-Rock*, 2015 WL 5098520, at *2 ("[t]his Court does not have the authority to alter the time for perfecting an appeal in a civil case beyond the period allowed for an extension); *see also* TEX. R. APP. P. 2 ("court must not construe this rule . . . to alter the time for perfecting an appeal in a civil case"); TEX. R. APP. P. 26.1(b) ("in an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed"); TEX. R. APP. P. 26.3 (allowing fifteen day extension of deadline for notice of appeal).[15]

the "deadline to file a notice of accelerated appeal is not extended by the filing of a motion for new trial"); *Ruff v. Wick Phillips Gould & Martin, LLP*, No. 11-21-00130-CV, 2021 WL 3087505, at *1–2 (Tex. App.— Eastland July 22, 2021, no pet.) (per curiam) (mem. op.) (dismissing appeal for want of jurisdiction when appellant's notice of appeal was untimely, as it was filed eighty-seven days after the trial court signed the final judgment which made final its prior order granting appellee's TCPA motion); *Sissom v. Reagins-Lilly*, No. 03-19-00440-CV, 2021 WL 2672054, at *1 (Tex. App.—Austin June 30, 2021, no pet.) (mem. op.) (citing *K.A.F.* and dismissing for want of jurisdiction portion of appeal regarding prior TCPA order when appellant's notice of appeal was filed forty-six days after the trial court signed final order granting opponent's TCPA motion and was thus untimely); *Lasater v. Thompson*, No. 02-20-00220-CV, 2021 WL 386957, at *1–3 (Tex. App.—Fort Worth Feb. 4, 2021, no pet.) (mem. op.) (dismissing TCPA appeal for want of jurisdiction when appellant's notice of appeal was untimely, as it was filed seventy-five days after trial court signed final judgment).

[15] Although not applicable here, we imply a rule 26.3 motion when a party files a notice of appeal in good faith during the time for filing a rule 26.3 motion for extension. *See Paxton v. Simmons*, 640 S.W.3d 588, 598 (Tex. App.—Dallas 2022, no pet.) (describing standards in accelerated appeal context when party files notice of appeal after rule 26.1(b)'s 20 day deadline but within rule 26.3's 15-day "grace period" and stating appeal was properly before the court in that case); *see also Coleman v. Kaufman Cty.*, No. 05-15-00877-CV, 2015 WL 5093276, at *1 (Tex. App.—Dallas Aug. 28, 2015, no pet.) (mem. op.) ("This Court implies a motion under rule 26.3 when a notice of appeal is filed in good faith during the time for filing a motion for extension.") (citing *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex.1997)).

Second, although Sutton cites no particular constitutional provision or other support for this argument, he argues that the imposition of an expedited or accelerated appeal requirement that conflicts with the trial court's plenary power is unconstitutionally void for vagueness or violates his due process rights under the Texas Constitution. Our sister court rejected similar due process arguments in *Lasater*, 2021 WL 386957, at *2, and we do so here as well, not simply because we agree with *Lasater* on that point, but also because Sutton has inadequately briefed these constitutionally based complaints. *See id.*; *see also Devine v. Dallas Cty.*, 130 S.W.3d 512, 513–14 (Tex. App.—Dallas 2004, no pet.) (party waives issue on appeal by failing to adequately brief a complaint).

Thus, we conclude Sutton's notice of appeal of the November 16, 2018 TCPA dismissal order was due within twenty days of the October 7, 2019 summary judgment order that made the prior TCPA order final, or, upon motion, within a fifteen-day extension period. *See* TEX. R. APP. P. 26.1(b), 26.3. Because Sutton filed his notice of appeal January 2, 2020, eighty-seven days after the summary judgment order, Sutton's notice of appeal was untimely, and we lack jurisdiction over his appeal as to the TCPA order. *See* TEX. R. APP. P. 26.1(b), 26.3; *K.A.F.*, 160 S.W.3d at 927; *Roll-N-Rock*, 2015 WL 5098520, at *1–2; *Kim*, 2017 WL 1281397, at *1; *Spencer*, 448 S.W.3d at 606–07.

We do not reach this conclusion lightly but are constrained by the authorities that bind us. As the Texas Supreme Court recently stated in *Mitschke*,

Texas law greatly favors resolving litigation on the merits rather than on procedural technicalities. But the lack of a timely notice of appeal is the most fundamental procedural error that *can* lead to a total loss— and that is because the absence of a timely notice of appeal prevents the appellate court from ever exercising jurisdiction in the first place. *See, e.g., In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005). Without jurisdiction, the court of appeals is powerless to entertain an appeal, no matter how grave the error.

We dismiss for want of jurisdiction Sutton's first through fourth issues.

## B.     Summary Judgment

Portions of Sutton's fifth through seventh issues lack some clarity based on the record before us, but for purposes of appeal, we construe these three issues as challenging, in essence, the trial court's take-nothing summary judgment on his claims for tortious interference and conspiracy, declaratory judgment, and, to the extent they do not relate to reporting to a health department, national doctor deferral registry, and plasma donation centers, his negligence and DTPA claims.

### 1.     Standard of Review

A party may move for a no evidence summary judgment if there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). No evidence summary judgment is proper when:

(a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove

a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.

*Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). To defeat a no evidence motion, the nonmovant must produce more than a scintilla of probative evidence raising a genuine issue of material fact as to each challenged element of its cause of action. *Id.* If the nonmovant fails to do so, the trial court must grant a no evidence summary judgment motion. See TEX. R. CIV. P. 166a(i). "Less than a scintilla of evidence exists when it is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Kindred v. Con/Chem., Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

To prevail on a traditional motion for summary judgment, a movant must conclusively establish there is no genuine issue of material fact and, therefore, the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). A matter is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex. 1982). If the movant establishes its right to judgment as a matter of law, then the burden shifts to the nonmovant to either present evidence raising a genuine issue of material fact by producing more than a scintilla of evidence regarding the challenged element, or conclusively prove all elements of an affirmative defense. *Neely v. Wilson*, 418 S.W.3d 52, 59 (Tex. 2013); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). More

than a scintilla of evidence exists when reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

If both traditional and no evidence summary judgments are before us, we generally first look at the no evidence motion. *First United Pentecostal Church of Beaumont, d/b/a the Anchor of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017) (when party moves for both traditional and no evidence summary judgments, reviewing court first considers no evidence motion); *Ford Motor Co. v. Ridgeway*, 135 S.W.3d 598, 600 (Tex. 2004). In our de novo review, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). If the nonmovant fails to meet its burden under the no evidence standard, there is no need to address the traditional motion. *Merriman*, 407 S.W.3d at 248. Any claims that survive the no evidence review then undergo review under the traditional standard. *Parker*, 514 S.W.3d at 219–20. When the trial court does not specify the grounds upon which it granted summary judgment, we must affirm if any of the independent summary judgment grounds is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

### 2. Tortious Interference and Conspiracy

In his fifth issue, Sutton argues the trial court "erred in dismissing [his] [t]ortious [i]nterference and conspiracy claims prior to allowing him to obtain adequate discovery based on Octapharma's improper application of the TCPA." Although this language suggests Sutton challenges a TCPA dismissal of his tortious interference and conspiracy claims, the TCPA order did not address such claims, and, in any event, Sutton's briefing on this issue refers to the summary judgment ruling, not the TCPA dismissal.[16] Thus, despite the somewhat confusing language, we construe Sutton's fifth issue as arguing that the trial court erred in granting summary judgment on his tortious interference and conspiracy claims because he was not allowed to obtain adequate discovery before the ruling. Because Sutton asserts a similar argument is connection with his seventh issue, we further discuss this issue in section II.B.4. below.

### 3. Declaratory Judgment

In his sixth issue, Sutton argues "[t]he trial court erred in refusing to grant [his] request for [d]eclaratory judgment that he is, in fact, not HIV positive and to correct the record based on multiple subsequent screenings [and Octapharma's] own subsequent testing that [Octapharma] had performed by third-party laboratories on the plasma sample in question." This, too, is somewhat confusing, as it fails to

---

[16] As one example, Sutton's brief states, "The trial court improperly granted [Octapharma's] [n]o-[e]vidence [m]otion for [s]ummary [j]udgment dismissing [Sutton's] tortious interference with a prospective business relationship without allowing [Sutton] an adequate opportunity for discovery.

–17–

acknowledge that the trial court granted summary judgment in Octapharma's favor on this claim and seems to suggest that the trial court denied Sutton's own request for summary judgment on the claim, a suggestion not supported by the record before us. Thus, we construe Sutton's sixth issue as an argument that the trial court erred in granting summary judgment in Octapharma's favor on the claim.

Octapharma moved for summary judgment on Sutton's declaratory judgment claim on traditional grounds under rule 166a(c), *see* TEX. R. CIV. P. 166a(c), arguing that Sutton's declaratory judgment claim fails as a matter of law because there is no justiciable controversy between the parties with respect to the requested declaratory relief because it did not diagnose Sutton as HIV positive and because the requested relief effectively asks the trial court to render a medical diagnosis and thereby engage in the practice of medicine, in contravention of the Medical Practice Act.[17] *See* TEX. OCC. CODE § 151.002(a)(13) (defining the practice of medicine as including, among other things, the diagnosis of a physical disease or disorder); *id.* § 155.001 ("A person may not practice medicine in this state unless the person holds a license issued under this subtitle."). As evidence to support its motion, Octapharma attached and cited, in part, an Octapharma "AIDS Bulletin" containing various notices and acknowledgments.[18] The trial court did not specify a reason for summary judgment.

---

[17] *See* TEX. OCC. CODE §§ 151.001–171.024 (Medical Practice Act).

[18] Both parties submitted the same two-page bulletin as summary judgment evidence below. Among other notices and acknowledgments, the bulletin stated every unit of plasma donated will be tested for HIV-1 and for antibodies to HIV-1 and HIV-2; the blood tests are screening tests required by the Food and Drug

As he did below, on appeal, Sutton claims there is a justiciable controversy between the parties, and he characterizes his request for declaratory relief not as a request for a diagnosis but instead as a request "that the trial court review [his] evidence . . . and render a declaratory judgment as to his HIV status at the time of his donations, and a declaratory judgment that the allegedly positive test result which [Octapharma] negligently obtained, was a result of a false-positive test." He claims this is "necessary because [Octapharma] has refused to remove [Sutton] from the registry for stigmatized donors or do anything else to correct the record, leaving [him] no avenue to clear his name and medical history of the stain caused by [Octapharma]." Octapharma makes the same arguments it did below.

Under civil practice and remedies code section 37.008, a court "may refuse to render or enter a declaratory judgment or decree if the judgment or decree would not terminate the uncertainty or controversy giving rise to the proceeding." TEX. CIV. PRAC. & REM. CODE § 37.008; *Adams v. First Nat'l Bank of Bells/Savoy*, 154 S.W.3d 859, 873 (Tex. App.—Dallas 2005, no pet.); *see Mims-Brown v. Brown*, 428 S.W.3d 366, 377 (Tex. App.—Dallas 2014, no pet.) ("A declaratory judgment is appropriate

Administration to qualify donors and are not diagnostic tests; individuals with a repeatedly reactive screen test result for HIV-1 NAT or a positive screen test result for antibody to HIV will be permanently deferred from future blood or plasma donations, regardless of the confirmatory test results; names of people with positive screening test results for HIV-1 NAT or antibodies to HIV will be entered on list(s) of permanently deferred donors; any screening test can have a false positive result; and "I understand that my blood will be tested by HIV-1 NAT and for antibodies to HIV and other disease markers. If this testing indicates that I should no longer donate blood or plasma because of a risk of transmitting the AIDS virus, my name will be entered on a list of permanently deferred donors."

when a real controversy exists between the parties and the entire controversy may be determined by judicial declaration.").  In *Adams*, we also stated:

> The Declaratory Judgment Act is "not available to settle disputes already pending before a court."  *BHP Petroleum Co. Inc. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990) (citing *Heritage Life v. Heritage Group Holding*, 751 S.W.2d 229, 235 (Tex. App.—Dallas 1988, writ denied)). Ordinarily declaratory relief will not be granted where the cause of action has fully matured and invokes a present remedy at law. *See Tucker v. Graham*, 878 S.W.2d 681, 683 (Tex. App.—Eastland 1994, no writ); *Sylvester v. Watkins*, 538 S.W.2d 827, 831 (Tex. Civ. App.—Amarillo 1976, writ ref'd n.r.e.).  A declaratory judgment action is improper if declaratory relief is requested for the first time in an amended petition and merely raises the same issues. *See Hartford Cas. Ins. Co. v. Budget Rent-A-Car Sys., Inc.*, 796 S.W.2d 763, 772 (Tex. App.—Dallas 1990, writ denied); *Kenneth Leventhal & Co. v. Reeves*, 978 S.W.2d 253, 258–59 (Tex. App.—Houston [14th Dist.] 1998, no pet.); *Tucker*, 878 S.W.2d at 683.

*Id*.  In *Adams*, the plaintiff asserted wrongful foreclosure, wrongful credit reporting or defamation, and unjust enrichment claims in her original pleading before amending her pleading to add a declaratory judgment claim.  *Id*.  Thus, when she amended her pleading, "she had no need for declaratory relief because she had already filed her original petition, which placed the same issues before the trial court." *Id*.  Under those circumstances, we concluded the trial court properly granted a summary judgment motion dismissing her request for declaratory judgment.  *Id*.

Similar circumstances exist here.  Roughly six months before adding his declaratory judgment claim, Sutton filed his original and first amended petitions, the latter of which alleged defamation and negligence claims involving Octapharma's

handling of his plasma donation.[19]  About three months later, Sutton filed a second amended petition, adding DTPA claims to the mix.  Finally, another amended pleading and another two months later, Sutton filed his fourth amended petition, this time adding his declaratory judgment claim.  Because his requested declaratory relief would not terminate the uncertainty or controversy giving rise to the proceeding, *see* TEX. CIV. PRAC. & REM. CODE § 37.008, and because Sutton had no need for declaratory relief under the circumstances, we conclude the trial court did not err in granting Octapharma's summary judgment motion on Sutton's declaratory judgment claim.  *See Adams*, 154 S.W.3d at 873.[20]

A similar result was reached in *Anderson v. Octapharma Plasma, Inc.*, No. 19-CV-2311-D, 2020 WL 1083608, at *11 (N.D. Tex. Mar. 6, 2020), while applying federal law.[21]  The court considered and rejected an almost identical request for declaratory relief as the one Sutton seeks here.  Like Sutton, in *Anderson,* the court dismissed a request for declaratory judgment "that [plaintiffs] are not HIV positive . . . [and] that defendants 'be ordered and compelled to provide mandatory injunctive

---

[19] The original petition is not in the record before us.

[20] While "the existence of another adequate remedy does not bar the right to maintain an action for declaratory judgment[,]" *see MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009), declaratory judgment is "not available to settle disputes already pending before a court" and "is improper if the relief requested is raised for the first time in an amended petition and merely addresses the same issues as were raised in the original petition." *City of Dallas v. Dallas Morning News, LP*, 331 S.W.3d 141, 144 (Tex. App.—Dallas 2010, no pet.) (citations omitted) (concluding trial court erred in denying city's plea to the jurisdiction on a claimant's declaratory relief claim when claimant had already placed the issue before the trial court in its earlier pleading).

[21] *See* 28 U.S.C. § 2201 (federal Declaratory Judgments Act).

–21–

relief to correct each of their records . . . [and] the court declare that they are not HIV positive . . . [and] their test results were false-positive test results" because the relief sought "is essentially to remedy a past alleged wrong[,]" not to help the parties avoid damages that might otherwise accrue. *Id*.

Finally, to the extent Sutton complains that a declaratory judgment is needed because he is without any means to otherwise correct an incorrect medical record, we note the Code of Federal Regulations provides individuals with a means to amend their protected health information. *See* 45 C.F.R. § 164.526. The parties have not briefed and cite no portions of the record to indicate whether Sutton has initiated the administrative procedures available under that regulation, and we need not decide any question regarding the regulation's applicability, as the parties have not raised it. *See* TEX. R. APP. P. 47.1.[22]

We overrule Sutton's sixth issue.

---

[22] At least one court has concluded that a failure to exhaust such remedies justifies dismissal of a request for declaratory and injunctive relief similar to Sutton's request here. *See Doe v. Hartford*, No. HHDX04CV106012130S, 2012 WL 1292589, at *6–8 (Conn. Super. Ct. Mar. 21, 2012) (unpublished) (describing procedures made available under the regulation and dismissing a plaintiff's request that the court "declare that he does not, and did not, suffer from bipolar disorder or manic episodes" and award him "injunctive relief ordering that his medical records be modified to reflect that he was never properly diagnosed with bipolar disorder or manic episodes" because "plaintiff must exhaust these administrative remedies before seeking relief in court."); *Doe v. Hartford*, No. HHDX04CV106012130S, 2012 WL 1292590, at *7–9 (Conn. Super. Ct. Mar. 21, 2012) (unpublished) (same result on motion by different defendants).

## 4.    Other Complaints Regarding Summary Judgment

In his seventh issue, without addressing any specific claims asserted against Octapharma, Sutton argues the trial court erred in granting Octapharma's no evidence summary judgment because fact issues exist and the trial court did not allow him to complete discovery and erred in excluding certain summary judgment evidence."[23]   Octapharma argues summary judgment was proper and that Sutton has inadequately briefed the arguments made in connection with his seventh issue.

We agree with Octapharma on the latter issue regarding the inadequacy of Sutton's briefing.  Aside from Sutton's declaratory judgment claim, Octapharma moved for no evidence summary judgment on all elements of Sutton's negligence, DTPA, tortious interference, and conspiracy to commit tortious interference claims, and the trial court granted the motion in its entirety without specifying a reason.

In his seventh issue, Sutton fails to discuss any of the elements of any claim or any evidence as it relates to any of those elements, and he fails to cite to any authorities supporting his general argument that summary judgment was improper.

We conclude Sutton has inadequately briefed this issue because, with respect to his arguments on this issue, Sutton offers little to no citation to the record, analysis of the evidence, or citation to legal authorities to support his conclusion.  *See* TEX.

---

[23] Though not mentioned within his specific point of error, Sutton makes the latter argument regarding evidence within his discussion of his seventh issue.

R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").[24]

Further, as to Sutton's complaints in his fifth and seventh issues regarding the difficulties faced in obtaining discovery, we are not unsympathetic to the difficult position claimants may find themselves in when their opponents file parallel TCPA and summary judgment motions against them. For claimants who cannot present by affidavit facts essential to justify opposition to an opponent's summary judgment motion, rule of civil procedure 166a(g) provides an opportunity for relief if sought by affidavit. *See* Tex. R. Civ. P. 166a(g) (stating, "Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."). Here, while Sutton's response to Octapharma's amended summary judgment

---

[24] *See also Gonzalez v. VATR Const. LLC*, 418 S.W.3d 777, 783 (Tex. App.—Dallas 2013, no pet.) (overruling appellants' issue regarding summary judgment evidence because appellants failed to provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Hamilton v. Farmers Tex. Cty. Mut. Ins. Co.*, 328 S.W.3d 664, 668 (Tex. App.—Dallas 2010, no pet.) (concluding appellant's argument regarding alleged error in granting summary judgment was inadequately briefed and presented nothing to review when it consisted of conclusions and did not provide proper, meaningful analysis in support of his contentions and did not cite to authority or to record); *Teter v. Comm'n for Lawyer Discipline*, 261 S.W.3d 796, 799 (Tex. App.—Dallas 2008, no pet.) (concluding appellant waived review of his complaints on appeal by failing to provide argument, analysis, or authorities to make his appellate complaints viable, even though he discussed standard of review and listed certain evidence and rules); *see also Brown v. Bank of Am., N.A.*, No. 01-14-00725-CV, 2015 WL 4760201, at *5–6 (Tex. App.—Houston [1st Dist.] Aug. 13, 2015, no pet.) (mem. op.) (holding any issue in appellants' brief that could be construed as legal sufficiency challenge to no evidence summary judgment was inadequately briefed).

–24–

motion refers to that rule, neither Sutton nor his counsel presented to the trial court a rule 166a(g) affidavit in connection with his response.

We overrule Sutton's seventh issue, and because his fifth issue overlaps with his seventh with regard to discovery, we overrule his fifth issue as well.

### III. CONCLUSION

For the above reasons, we dismiss for lack of jurisdiction Sutton's first four issues regarding the TCPA order, overrule Sutton's fifth, sixth, and seventh issues, and affirm the trial court's judgment.

200018f.p05

/Ken Molberg/
KEN MOLBERG
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL SUTTON, Appellant

No. 05-20-00018-CV          V.

OCTAPHARMA PLASMA
INCORPORATED, Appellee

On Appeal from the 68th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-06879.
Opinion delivered by Justice
Molberg. Justices Myers and Garcia
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**, in part, for want of jurisdiction as to appellant's appeal of the trial court's November 16, 2018 order granting in part appellee's motion to dismiss. In all other respects, the judgment is **AFFIRMED.**

It is **ORDERED** that appellee OCTAPHARMA PLASMA INCORPORATED recover its costs of this appeal from appellant MICHAEL SUTTON.

Judgment entered this 23rd day of December 2022.